Solomon Jaeger and Esther Jaeger v. Commissioner.
Jaeger v. Commissioner
Docket No. 24079.
United States Tax Court
1950 Tax Ct. Memo LEXIS 17; 9 T.C.M. (CCH) 1146; T.C.M. (RIA) 50306; December 12, 1950
*17 Paul Albin, Esq., 51 Chambers St., New York 7, N. Y., for the petitioners. Robert M. Willan, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: A deficiency of $332.60 in income tax for 1946 is in controversy to the extent that it results from respondent's adjustment decreasing petitioners' cost of goods sold by $950. Other adjustments are not now contested. Findings of Fact Petitioners, husband and wife, filed a joint Federal income tax return for 1946 with the collector for the first district of New York. They lived in Edgemere, New York, and during the period in question operated a retail butcher shop. In 1945 petitioners began buying some of their meat from a newly-organized wholesaler named United Meat Co., Inc., hereinafter called the wholesaler. In a "Schedule of Gains and Losses" in their joint income tax return for 1946 petitioners reported the following short-term and long-term capital losses: Short-term
Date
Sales
Cost or
Gain or
Property
Acquired
Date Sold
Price
Other Basis
Loss
United Meat Co. stock
10-10-45
3-22-46
None
$1,000
$1,000
Long-term
United Meat Co. stock
5- 7-45
3-18-46
$2,200
United Meat Co. stock
7-10-45
3-18-46
2,000
United Meat Co. stock
8-24-45
3-18-46
1,000
Total
$2,200
$5,200
$3,000
*18 Petitioners deducted $1,000 as "Net (loss) from sale or exchange of capital assets." Petitioners paid by check for all of their merchandise purchased during 1946. By 13 checks drawn on the same bank, each bearing a different date between December 31, 1945, and March 24, 1946, petitioners paid the wholesaler a total of $4,493.95. The checks, all signed by petitioner Esther Jaeger and made payable to the order of the wholesaler, were in amounts varying from $95.91 to $1,385.25. Among the 13, a check for $1,224.86 was dated March 17, 1946. On the reverse side of the March 17 check, written in pencil above the rubber stamped indorsement of the wholesaler, appears the following: Bill
$ 274.86
Stock
950.00
Mdse.
$1,224.86
None of the remaining 12 checks contained any explanation of the consideration for which it was paid. In their return for 1946 petitioners reported $32,837.12 as "Cost of Goods Sold," which included in full the March 17 payment of $1,224.86. In his notice of deficiency respondent reduced the $32,837.12 by $950 which he contends represents a purchase of stock by petitioners from the wholesaler, being $950 of the March 17 check for $1,224.86. *19 The $950 in controversy was not a part of petitioners' cost of goods sold. Opinion A careful and repeated consideration of the record leaves one in so much doubt as to where the truth of the matter rests that it is impossible to conclude that petitioners have sustained their burden. . It is not apparent that petitioner husband, the only witness, was in a position to know whether, as he testified, the 13 checks to the wholesaler were all for "meats." He did not state directly that no part of the payment in question was for stock, as determined by respondent. When asked on cross examination about any purchases of stock he merely stated: "No stock. * * * Not to me." This can be reconciled with his sworn statement on the tax return claiming a loss on the stock only by assuming that his wife, and not he, handled such transactions. Apparently we are expected to conclude, on his entire testimony, that he knew nothing about any purchases of stock by petitioners from the wholesaler. If this is true, petitioner wife must have dealt in the shares disposed of in the taxable year as reported in their joint return. And the checks in question were drawn *20 by her. The husband had no explanation for the notation on one of the checks referring to "stock." But with all this uncertainty, the wife did not testify, and the books of account were not produced. The evidence of the greatest value is thus unavailable to us. , affirmed (CCA-10), . We have accordingly found as a fact, because petitioners have not succeeded in persuading us to the contrary, that a payment which, as correctly determined by respondent was for stock, was not properly included as a part of cost of goods sold. . Decision will be entered for the respondent.